IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRESTIGE CAPITAL FINANCE LLC, a Delaware limited liability company as successor and assignee of PRESTIGE CAPITAL CORPORATION, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 21−cv−03047 ) ) |
| FRANK DIMPERIO JR., an individual, | ) ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT II OF ITS COMPLAINT FOR BREACH OF CONTRACT**

Plaintiff, Prestige Capital Finance, LLC ("Prestige"), pursuant to Federal Rule of Civil Procedure 12(c), moves for judgment on the pleadings on Count II of its Complaint for Breach of Contract. In support of its Motion, Prestige states as follows:

**INTRODUCTION**

Now that the pleadings are closed, and certain material facts are not in dispute, Prestige is entitled to judgment on Count II of its Complaint for breach of contract.

Defendant, Frank Dimperio Jr. ("Defendant" or "Dimperio") admits that he executed a promissory note in favor of Prestige, admits that he stopped making payments on the note, admits that the note is valid and enforceable, and admits that there is an unpaid balance of $152,840.00 currently due and owing to Prestige.

Accordingly, there is no dispute as to any material fact related to Count II of Prestige's Complaint, and Prestige is entitled to Judgment on that Count.

39186050.1.docx

## BACKGROUND

On January 3, 2012 Dimperio executed a $200,000 promissory note (the "Note") in favor of Prestige. (Compl., at Dkt. #1 ¶ 12, Ex. B; Answer, at Dkt. #15 ¶¶ 12 & 17.) Pursuant to the Note, Dimperio was obligated to pay Prestige $200,000 on or before August 5, 2032 through certain installments. (Dkt. #1 & 15, ¶¶ 18-19.) Failure by Dimperio to make the scheduled payments under the Note by no later than the 15th of each month or a breach of the Agreement by Dimperio are Events of Default under the Note. (Dkt. #1 & 15, ¶ 20). Upon the occurrence of an Event of Default under the Note, the amount due under the Note "shall become immediately due and payable without notice or demand." (Dkt. #1 & 15, ¶ 21.)

Dimperio has defaulted under the Note by failing to make payments when due. (Dkt. #1 & 15, ¶ 23.) Dimperio's has not made a payment on the Note in over a year, with his last payment made in March 2020. (Dkt. #1 & 15, ¶ 24.) Due to his default, $152,840.00 is currently due and owing under the Note. (Dkt. #15, ¶ 24.) Dimperio also admitted that, should Prestige for any reason, refer the Note to an attorney for the enforcement thereof, Dimperio agreed to pay Prestige's reasonable attorney's fees, together with costs and expenses of any such action. (Dkt. # 15, ¶ 22.)

On June 7, 2021 Prestige filed its three count Complaint in this matter. (Dkt. #1.) On September 28, 2021 Dimperio filed his Answer to Counts I and II, admitting many of the allegations contained in Prestige's Complaint. (Dkt. #15.) On October 29, 2021, the parties stipulated to the dismissal of Prestige's Count III, closing the pleading stage in this matter. (Dkt. # 18.)

39186050.1.docx

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). The rule is designed to permit a party to request a district court to dispose of the matter at the initial stage of the proceedings. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 n. 3 (7th Cir. 1998).

Under Rule 12(c), "a party is entitled to judgment on the pleadings 'when it appears beyond a doubt that the [non-moving party] cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved.'" *Crosby v. Reg'l Transp. Auth.*, 2010 WL 2350707, at *1 (N.D. Ill. June 11, 2010) (quoting *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). Judgment is appropriately entered when the moving party has demonstrated that there are no material issues of fact to be resolved. *Burlington Ins. Co. v. Phillips-Garrett, Inc.*, 37 F. Supp. 3d 1005, 1011 (S.D. Ill. 2014)

"In deciding a motion for judgment on the pleadings, a court construes the facts alleged in the [pleadings] in the light most favorable to the non-moving party." *Id.* (quoting *R.J. Corman Derailment Servs., L.L.C. v. Int'l Union, Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003)). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation." *Curry vs. City of Chicago*, 2013 U.S. Dist. LEXIS 32037, at *7 (N.D. Ill. Mar. 8, 2013). The interpretation and enforcement of an unambiguous contract – which is a question of law – is appropriately resolved on a motion for judgment on the pleadings. *See Asta, LLC v. Telezygology, Inc.*, 629 F. Supp. 2d 837, 842 (N.D. Ill. 2009).

**ARGUMENT**

I.    **PRESTIGE IS ENTITLED TO JUDGMENT ON THE PLEADINGS THAT DIMPERIO BREACHED THE NOTE.**

The pleadings show that there are no material facts in dispute regarding Count II of Prestige's Complaint for breach of contract, and therefore this Court should enter judgment on the same.

In a breach of contract action under Illinois law a plaintiff must allege and prove "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resulting injury to the plaintiff. " *Henderson–Smith & Associates, Inc. v. Nahamani Family Services Center, Inc.,* 323 Ill. App. 3d 15, 27 (5th Dist. 2001). Here, the pleadings show there is no genuine dispute regarding any of these elements, and judgment on the pleadings is appropriate.

Dimperio admits that the January 3, 2012 promissory note is a valid and enforceable contract, and further admits that he executed the same. (Dkt. #15, ¶¶ 17, 28.) Dimperio also admits that Prestige performed all of its obligations under the Note (Dkt. #15, ¶30). There is no genuine issue of fact related to the first two elements of Prestige's breach of contract claim.

Similarly, there is no genuine issue of fact related to the third or fourth elements. Dimperio admits that he breached the note by failing to make payments when they were due, and that due to the breach, the entire amount of the note immediately became due and payable. (Dkt. #15, ¶¶ 16, 23-24, 29.) Finally, there is no dispute that Prestige has been injured by Dimperio's breach in the amount of $152,840.00, as Dimperio freely admits that is how much is due and owing under the Note. (Dkt. #15, ¶ 24.)

Based on the admissions contained in Dimperio's Answer, there are no material issues of fact left to be resolved, Prestige's Motion should be granted, and this Court should enter

39186050.1.docx

-5-

judgment against Dimperio, and in favor of Prestige, in the amount of $152,840.00 plus attorney's fees and costs.

## II.    CONCLUSION

For all the reasons stated above, Prestige's Motion for Judgment on the Pleadings on Count II of its Complaint should be granted.

WHEREFORE, Plaintiff, Prestige Capital Finance, LLC, respectfully requests this Court enter judgment against Dimperio, and in favor of Prestige, on Count II of Prestige's Complaint in the amount of $152,840.00 plus attorney's fees and costs, grant Prestige leave to file a fee petition seeking its fees for enforcing the Note, and grant such other and further relief as this Court deems appropriate.

Date: November 3, 2021

PRESTIGE CAPITAL FINANCE LLC

By:/s/ Michael J Pollock
    One of its attorneys

Konstantinos Armiros
Michael J Pollock
Saul Ewing Arnstein & Lehr LLP
161 N. Clark St. #4200
Chicago, Illinois 60601
312.876.7843
Attorney No. 62702

39186050.1.docx

-6-

## **CERTIFICATE OF SERVICE**

I, Michael J. Pollock, hereby certify that on November 3, 2021 I caused a copy of the foregoing document to be filed and served via the Court's CM/ECF system on all counsel of record registered to receive such service.


/s/ Michael J. Pollock

39186050.1.docx